FILED

2025 Feb-12  PM 12:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **HEATHER LEE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:25-cv-00190-MHH** |
| **ALLY FINANCIAL INC.** | |
| **Defendant.** | |

## DEFENDANT ALLY FINANCIAL INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ally Financial Inc. ("Ally"), by counsel, submits this Answer and Affirmative Defenses in response to the Complaint filed by Plaintiff Heather Lee ("Plaintiff").

## ANSWER

1.     The allegations set forth in Paragraph 1 of the Complaint are a characterization of this action, which are not subject to denial or admission.  To the extent a response is required, Ally denies that it violated the Telephone Consumer Protection Act ("TCPA") or that it is liable to Plaintiffs under any theory whatsoever.

### Jurisdiction and Venue

2.     The allegations set forth in Paragraph 2 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

**Parties**

3.     Ally is without sufficient knowledge and/or information to admit or deny the allegations concerning Plaintiff's age and citizenship contained in Paragraph 3 of the Complaint and therefore denies same.  The remaining allegations set forth in Paragraph 3 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

4.     Ally admits the allegations contained in Paragraph 4 of the Complaint.

**Factual Allegations**
**Background**

5.     Ally admits the allegations contained in Paragraph 4 of the Complaint.

**Calls to Wireless Phone and Collection Letter**

6.     Ally is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and therefore denies same.

7.     Ally is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8.     Ally is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies same.

9.     Ally is without sufficient knowledge and/or information to admit or deny the allegations contained in Paragraph 9 of the Complaint and therefore denies same.

10.    Ally denies the allegations contained in Paragraph 10 of the Complaint.

11.    The allegations set forth in Paragraph 11 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  To the extent the allegations are contrary to the documents, they are denied.

12.    The allegations set forth in Paragraph 12 of the Complaint refer to documents that speak for themselves and, therefore, no response is required.  To the extent the allegations are contrary to the documents, they are denied.

13.    Ally denies the allegations contained in Paragraph 13 of the Complaint.

14.    Ally denies the allegations contained in Paragraph 14 of the Complaint.

15.    The allegations set forth in Paragraph 15 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

16.    The allegations set forth in Paragraph 16 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

17.    The allegations set forth in Paragraph 17 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

18.    The allegations set forth in Paragraph 18 of the Complaint contain statements and conclusions of law, to which no response is required.  To the extent the allegations are contrary to law, they are denied.

19.    Ally denies the allegations contained in Paragraph 19 of the Complaint.

20.    Ally denies the allegations contained in Paragraph 20 of the Complaint.

21.    Ally denies the allegations contained in Paragraph 21 of the Complaint.

## Count One
### Negligent Violations of the Telephone Consumer Protection Act

22.    Ally adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

23.    Ally denies the allegations contained in Paragraph 23 of the Complaint.

24.    Ally denies the allegations contained in Paragraph 24 of the Complaint.

## Count Two
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

25.    Ally adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

26.    Ally denies the allegations contained in Paragraph 26 of the Complaint.

27.    Ally denies the allegations contained in Paragraph 27 of the Complaint.

**Count Three**
**Negligence**

28.     Ally adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

29.     Ally denies the allegations contained in Paragraph 29 of the Complaint.

30.     Ally denies the allegations contained in Paragraph 30 of the Complaint.

31.     Ally denies the allegations contained in Paragraph 31 of the Complaint.

32.     Ally denies the allegations contained in Paragraph 32 of the Complaint.

**Count Four**
**Reckless and Wanton Conduct**

33.     Ally adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

34.     Ally denies the allegations contained in Paragraph 34 of the Complaint.

35.     Ally denies the allegations contained in Paragraph 35 of the Complaint.

36.     Ally denies the allegations contained in Paragraph 36 of the Complaint.

37.     Ally denies the allegations contained in Paragraph 37 of the Complaint.

**Count Five**
**Invasion of Privacy**

38.     Ally adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

39.     Ally denies the allegations contained in Paragraph 39 of the Complaint.

40.     Ally denies the allegations contained in Paragraph 40 of the Complaint.

41.     Ally denies the allegations contained in Paragraph 41 of the Complaint.

42.     Ally denies the allegations contained in Paragraph 42 of the Complaint.

### Amount of Damages Demanded

Ally denies that Plaintiff is entitled to the relief requested in the unnumbered Wherefore Paragraph set forth after Paragraph 42 of the Complaint.

Ally denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

Ally denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Ally further states that its investigation of the present matter is ongoing. Accordingly, Ally reserves the right to amend this Answer.

### AFFIRMATIVE AND OTHER DEFENSES

Ally hereby sets forth the following affirmative defenses to the Complaint. By asserting the defenses set forth below, Ally does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Ally admit that Plaintiff is relieved of his burden to prove each and every element of her claims and the damages, if any, to which she is entitled.

1.     The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S. Ct. 1937, 1949 (2009). Ally reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all of Plaintiff's claims.

2. Ally avers that some or all of the claims made in the Complaint may be barred because Plaintiff lacks standing to the extent she has suffered no injury-in-fact.

3. Ally denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4. Plaintiff's claims are subject to set-off of all sums due and owing to Ally.

5. Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

6. Plaintiff cannot recover from Ally to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Ally continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Ally had no control, and for whose conduct Ally is not responsible, which bars or diminishes any recovery by Plaintiff against Ally.

7.     Plaintiff's claims fail to the extent Ally had the prior express consent of the owner and/or subscriber of the telephone number in question to place the alleged telephone calls at issue.

8.     Plaintiff's claims fail to the extent Ally's actions were authorized by the terms of the underlying agreement(s) creating the debt.

9.     At all times relevant, Ally acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

10.     The Complaint, in asserting claims under the TCPA, violates the rights of Ally to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offence and obviously unreasonable." *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (quoting *St Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). The alleged violation at issue—"making" a call to a cell phone that may or may not have been connected, received, or answered—causes *de minimis* or no actual harm. Imposition of a $500.00 per call penalty is plainly excessive in this context and, taken in the aggregate, may result in potential damages that are not proportional to the conduct alleged.

11.     To the extent there was any violation of the TCPA, which Ally denies, Ally's actions were not knowing and/or willful because Ally's violations, if any, were unintentional and the result of a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid such violations.

12.     Ally denies that any call attempted is actually a call "made" within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

13.     To the extent any calls were made by Ally, which Ally denies, such calls were not made using a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an automatic telephone dialing system in violation of the TCPA.

14.     Application of the TCPA, as interpreted by the FCC, violates the First Amendment to the United States Constitution because such application relies upon content-based restrictions of protected speech. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015) ("Government regulation of speech is content-based if a law applies to particular speech because of the topic discussed or the idea or message expressed.").

15.     The TCPA violates the First Amendment to the United States Constitution because it is an unconstitutional regulation of free speech. *See Martin v. City of Struthers, Ohio*, 319 U.S. 141 (1943).

16.    The imposition of statutory damages under the TCPA against Ally would violate the due process provisions of the United States Constitution.

17.    The Complaint, to the extent that it seeks punitive or exemplary damages under the TCPA, violates the rights of Ally under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law." *E.g.*, *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996).  The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the alleged violation at issue—"making" a call to a cell phone that may or may not have been connected, received or answered—causes *de minimis* or no actual harm. Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality test.

18.    Plaintiff cannot recover from Ally to the extent that any damages that Plaintiff may have suffered, which Ally continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

19.    Ally reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

WHEREFORE, Defendant, Ally Financial Inc., by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against Ally, with prejudice, enter judgment in favor of Ally and against Plaintiff, and award Ally such other and further relief as the Court may deem just and appropriate.

Dated: February 12, 2025         Respectfully submitted,

**ALLY FINANCIAL INC.**

*/s/ Roy Wallace Harrell, III, Esq.*
Roy Wallace Harrell, III, Esq.
Alabama Bar No. 3211O61H
roy.harrell@troutman.com
Troutman Pepper Locke LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308-2216
Telephone: 404-885-3900

*Counsel for Defendant Ally Financial Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing *Defendant Ally Financial Inc.'s Answer to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record registered to use the CM/ECF system in this action.

Respectfully submitted this 12th day of February, 2025.

By: */s/ Roy Wallace Harrell, III, Esq.*
Roy Wallace Harrell, III, Esq.
Alabama Bar No. 3211O61H